THOMAS LONNEVIK, Respondent, v. M. SIGBERT AWES COMPANY, a Corporation, and M. Sigbert Awes, Appellants.

(167 N. W. 370.)

**Justice court — recovery by plaintiff — two separate cases — appealed to district court — there consolidated — tried as one — evidence — judgment.**

In justice court the plaintiff recovered two separate judgments against the defendant for $160 and $90.95. Each case was appealed to the district court and by stipulation the two actions were consolidated and judgment was given in favor of the plaintiff on evidence not contradicted. The record shows no error.

Opinion filed April 11, 1918.

Appeal from the District Court of Ramsey County, Honorable *C. W. Buttz,* Judge.

Defendants appeal.

Judgment affirmed.

*Flynn & Traynor,* for appellants.

"In determining whether the contract was divisible or indivisible, the intention of the parties should be sought to be ascertained from an examination of the entire instrument." The contract here is one and indivisible. Elliott Supply Co. v. Green, 160 N. W. 1002.

"A contract must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting so far as the same is ascertainable and lawful." Young v. Metcalf Land Co. 18 N. D. 441.

Both actions in justice court were based upon the same contract, and

plaintiff had but one cause of action, if any at all, He could not institute and maintain two separate actions. 1 C. J. 1112, 1113.

If there are several sums due under one contract and a suit is brought for a part only, a judgment in such suit will be a bar to another action for the recovery of the residue. A cause of action arising out of a contract cannot be divided into several demands and made the subject of separate actions. Baird v. United States, 24 L. ed. 703; Herriter v. Porter, 23 Cal. 385; Hill v. Joy (Pa.) 24 Atl. 293; Pettit v. American Cent. Ins. Co. 69 Mo. App. 317.

"Where several claims payable at different times rise out of the same contract, suit may be brought as each liability accrues; but if suit is not brought until more than one has become due, all must be sued for in one action." Cohen v. Clark (Mont.) 119 Pac. 775; Comp. Laws 1913, § 5907.

The justice court never had jurisdiction of the two actions here instituted, for there was but one cause of action and that was in excess of the amount over which such court had jurisdiction. Comp. Laws 1913, § 9006; Feillett v. Engler, 8 Cal. 76.

"A single cause of action cannot be split up into several actions so as to give a justice of the peace jurisdiction." 24 Cyc. 472; 1 C. J. 1110; Bunker v. Hanson (Minn.) 109 N. W. 827; Wedgewood v. Parr (Iowa) 84 N. W. 528.

"Want of jurisdiction of the subject-matter cannot be waived by any act of the parties, and the question will be considered by an appellate court though not raised in the court below." Porter v. Welsh (Iowa) 90 N. W. 582; St. Louis & S. F. R. Co. v. Brown (Kan.) 61 Pac. 457; Comp. Laws 1913, § 7447; James River Bank v. Purchase, 9 N. D. 280; Nelson v. Ladd (S. D.) 54 N. W. 809; Murry v. Burris, 6 Dak. 170, 42 N. W. 25; McMeans v. Cameron (Iowa) 49 N. W. 856.

*Siver Serumgard,* for respondent.

"A contract must be so interpreted as to give effect to the mutual intention of the parties, as it existed at the time of contracting, so far as the same is ascertainable and lawful." Young v. Metcalf Land Co. 18 N. D. 441.

The contract here is a divisible one, and the justice had jurisdiction in both actions. Bunker v. Hanson (Minn.) 109 N. W. 827.

ROBINSON, J. This is an appeal from a judgment for personal services $160 and expenses paid $90.95, making the total sum of $250.60. In justice court one action was for the wages and a separate action for the expense money. In district court by stipulation the two actions were consolidated and tried as one action on an amended complaint. On the trial the plaintiff was the only witness. His testimony is short and shows $160 due to him for personal services and $90.95 for expenses paid for and at the request of the defendants.

At the close of plaintiff's testimony Mr. Traynor, attorney for defendants, said: Defendants have no evidence to offer, but we ask the court to grant a stay of execution for sixty days, pending an appeal. The court said, All right. You do not care to offer any evidence of any kind? Mr. Traynor said: No, we have none to present. Then Traynor rested, and the court directed a verdict for the plaintiff. Now, it is claimed that the justice court had no jurisdiction because the two actions in justice court were based on a single cause of action, and that the district court succeeded only to the jurisdiction of the justice court, but the claim needs no answer. The evidence does show two separate causes of action, and in any event when the two actions were consolidated by stipulation, the case stood as one cause of action in the district court.

Judgment affirmed, with costs, and it is directed that the case be forthwith remanded.